[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14021

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRELL SAUNDERS,
a.k.a. Tavaris Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:03-cr-00282-SDG-RGV-1

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Terrell Saunders appeals his sentence of 24 months of imprisonment imposed upon revocation of his supervised release. 18 U.S.C. § 3583(e). Saunders argues that the district court abused its discretion by not considering the history of his underlying criminal proceedings to determine a reasonable sentence. We affirm.

In 2003, Saunders was convicted for possessing with intent to distribute cocaine base, 21 U.S.C. § 841(a), and possessing a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1), and sentenced as a career offender to a total 228 months of imprisonment followed by five years of supervised release. We affirmed his convictions and sentence, and he unsuccessfully moved to vacate his convictions. *See* 28 U.S.C. § 2255.

On May 18, 2020, Saunders began his term of supervised release. A year later, Saunders was charged with violating conditions of his supervised release by committing crimes of possessing a firearm and using that firearm to complete an aggravated assault, possessing a firearm, possessing ammunition, committing a state crime of drinking in public, and failing to follow the instructions of his probation officer to turn himself in to local authorities, who had secured a warrant for his arrest based on a May 2021 shooting incident. The government later withdrew the aggravated-assault

portion of the first charge and the drinking-in-public charge, and Saunders did not contest the remaining charges.

At the final revocation hearing, the district court determined that Saunders' advisory guideline range was 21 to 27 months of imprisonment, and his statutory maximum sentence was 60 months. Saunders argued that a downward variance was warranted based on his underlying criminal proceedings. His counsel, who had represented him at trial, stated that she had been ineffective in representing Saunders then because she was incorrectly advised that Saunders' prior robbery conviction had been dismissed, so neither she nor Saunders realized until after trial that Saunders could be sentenced as a career offender. And Saunders argued that if he had been sentenced based on current law, he would not have qualified as a career offender, and his sentence would have been about half what he received. He argued that his criminal history category would be lower, and his guideline range for the revocation sentence would be 12 to 18 months instead of 21 to 27 months. Saunders acknowledged that the district court did "not have to give him credit for that [additional] time" served, but he urged it to vary downward and "not forget the history of his" unfair sentence.

The district court found that Saunders committed the violations and sentenced him to 24 months of imprisonment followed by two years of supervised release. The district court explained that although Saunders' counsel should be commended for her honesty, its job was to adjudicate the supervised release violations and not to revisit the correctness of Saunders' convictions and

sentences after he had exhausted his appeals. The district court stated that it understood Saunders was asking it to consider those underlying issues as part of the totality of the circumstances and to determine a fair and reasonable sentence, but Saunders had not come to court with clean hands. The district court explained that Saunders violated "very basic" conditions of his supervised release by possessing a firearm and ammunition and not following his probation officer's instructions to turn himself in based on an outstanding arrest warrant. The district court stated that regardless of the specific circumstances of the shooting incident, there was "just no excuse" for failing to self-report as instructed only one year after his release from a lengthy term of imprisonment. Saunders objected to the reasonableness of the sentence and the failure to consider his unfair term of imprisonment for the underlying convictions.

We review the reasonableness of a sentence imposed upon revocation of supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The district court imposes a procedurally unreasonable sentence when it miscalculates the advisory guideline range, treats the Sentencing Guidelines as mandatory, or fails to consider the statutory sentencing factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). The district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Taylor*, 997 F.3d 1348, 1355 (11th Cir. 2021).

The district court did not abuse its discretion in sentencing Saunders to 24 months of imprisonment for committing multiple violations of his supervised release. The district court heard and commended his counsel's presentation regarding the history of his underlying criminal proceedings and how developments in the law since his original sentencing would have resulted in a lower original sentence. But it reasonably determined that its job was to adjudicate and sentence Saunders for the present supervised release violations, which he committed only one year into his five-year term and, as the district court noted, involved basic conditions like obeying his probation officer's instructions and not possessing a firearm or ammunition. Although Saunders argues that the district court failed to consider his legal history and counsel's ineffectiveness at trial, the record reflects that the district court understood the scope of his mitigation arguments, and nothing required it to weigh these circumstances more heavily than the need to provide just punishment for the instant violations and promote respect for the law. *See* 18 U.S.C. § 3553(a); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

We **AFFIRM** Saunders' sentence.